IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>Plaintiffs,<br><br>v.<br><br>PETTY GROUP LLC,<br><br>Defendant. | Civil Action No. 2:22-cv-1308 |

## COMPLAINT

1. Jurisdiction of this action arises under § 502 and § 515 of the Employee Retirement Income Security Act of 1974, as amended (**"ERISA"**), 29 U.S.C. § 1132 and § 1145, and Sections 404(b) and 406 of ERISA, 29 U.S.C. § 1104(b), § 1106 and § 1109, 28 U.S.C. § 1331, and also under § 301 of the Labor-Management Relations Act of 1947 (**"LMRA"**), 29 U.S.C. § 185, in that Defendant Petty Group LLC (hereinafter, **"Petty Group"** or **"Defendant Contractor"**) has failed to submit its required monthly remittance reports, as well as comply with Plaintiff Laborers' Combined Funds of Western Pennsylvania's (hereinafter **"the Funds"** or **"Plaintiff Funds"**) numerous demands for the documentation required for the Funds to conduct an audit of Petty Group's records, in violation of a certain collective bargaining agreement entered into with the Laborers' District Council of Western Pennsylvania and its affiliated local unions (hereinafter

"**Laborers' Union**"), as well as relevant provisions of several trust agreements incorporated therein.

2. Plaintiff Funds are a Pennsylvania non-profit corporation, which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140. Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds. Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. Plaintiff Laborers' Union, on its own behalf, and on behalf of its local affiliated unions and the Construction Industry Advancement Program of Western Pennsylvania Fund, have designated the Funds as its agent for the collection of monies required to be paid by employers to the Laborers District Council Industry Fund (**"Industry Fund"**) and Dues Deduction Fund (**"Dues Fund"**).

5. Defendant Contractor is engaged in the business of operating a construction company, with its principal place of business at 13675 McCracken Road, Garfield Heights, OH 44125.

6. Petty Group has agreed to enter into and abide by the terms of an Independent Heavy Engineering, Railroad Contracting, Highway Construction and Utilities Construction Labor Agreements, with the Laborers' Union (the **"Heavy-Highway Agreement"**), as well as an Independent Building Agreement (the **"Building Agreement"**) (collectively, the **"Agreements"**), and pursuant to which Defendant Contractor was obligated to submit certain monthly payments to

Plaintiff Funds for pension, welfare, industry, and monthly health insurance premiums for the benefit of employees covered under such Agreements.

7. The aforementioned Agreements and the provisions of ERISA require Petty Group to pay interest and late charges/liquidated damages if it fails to timely file such reports and/or make such payments.

8. The aforementioned Agreements and the provisions of ERISA also require Petty Group to comply with any audit requests made by the Funds.

9. Specifically, Article XVII of the Heavy-Highway Agreement provides that, "[a]udits of the contractor's payroll records, including copies of Federal and State Payroll Tax Returns, may be made by the Administrator of the Health, Welfare and Pension Funds or the employee of that office upon instruction and authority granted by the Trustees of the Funds."

10. Moreover, Article XVII of the Heavy-Highway Agreement also holds that "[i]n the event a suit to compel an audit is required, the contractor agrees to pay all court costs and attorney fees."

11. Furthermore, Article XXVII, Section 4 of the Heavy-Highway Agreement states that "authorized representatives of the Union shall have the right to examine and audit the Employer's records to determine that all proper deductions are being made from all employees coming under the jurisdiction of this agreement, and that all proper contributions, payments and remittances are being made by the Employer."

12. In addition, Article XVIII of the Building Agreement provides that "the authorized representative of the Union shall have the right to examine the Employer's records to see that all proper contributions and deductions are being made from all employees coming under the jurisdiction of this agreement."

13. In violation of such Agreements, Petty Group has failed to cooperate with the Funds to schedule an audit, and/or submit the documentation required in order for the Funds to conduct the aforementioned payroll audit.

14. Since September 18, 2019, the Funds' contacted Petty Group on numerous occasions, by electronic correspondence, letter and telephone, to demand that Defendant Contractor provide the requisite audit documentation, but Defendant Contractor refused, and continues to refuse, to provide the Funds with the aforementioned audit documentation.

15. During this same time period, Petty Group ignored multiple phone calls and voicemails left by the Funds' auditor employee, as well as failed to respond to multiple electronic correspondences and separate Audit Request Letters from same.

16. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until termination of this case. If it is determined that Petty Group owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1.25%) per month and late charges/liquidated damages at ten percent (10%) times such amounts owed. In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

17. Pursuant to the Agreements and trust agreements of the Funds, Defendant Contractor is also obligated to pay the Funds' reasonable attorneys' fees of twenty percent (20%) of the total delinquency, but not less than one thousand dollars ($1,000.00). The Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to the Funds until the termination of this case. In the alternative, the amount of such fees may be determined by the Court.

18. The Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Petty Group is ordered to specifically perform under the federal statutes, as well as the Agreements, and is restrained from continuing to refuse to perform as thereunder required.

19. The Funds are obligated and authorized by the Agreements, ERISA, and the common law of trusts to initiate legal action seeking injunctive and equitable relief to enforce the terms of the Agreement.

WHEREFORE, Plaintiff Laborers' Combined Funds of Western Pennsylvania demands the following relief against Defendant Contractor:

   a. a preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements, and enjoining Defendant Contractor from disposing of assets;

   b. for Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendant's business operations through the present;

   c. for Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees through the present, in order to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff Funds;

   d. for an Order requiring Defendant Contractor to comply with the findings of the resulting audit, including payment of any delinquent contributions that are determined by the audit to have been retained by the Defendant Contractor, in the sum of whatever delinquent principle amount Plaintiff's audit determines is owed once it has concluded, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest at the rate of one and one quarter percent (1.25%) per month; plus late charges/liquidated damages of ten percent (10%); plus

        attorneys' fees of twenty percent (20%) of total amount due; plus costs of suit;

e.    for the Court to retain jurisdiction of the case pending compliance with its orders;

f.    for the Court to award Plaintiff's attorneys' fees and costs, as authorized by the Agreements and ERISA, and;

g.    for such other and further relief as the Court may deem just and proper.

Date:  9/13/2022　　　　　　　　　　　　　　　Respectfully submitted,

GOEHRING RUTTER & BOEHM

By: ___s/David L. Scherer___
Jessica L. Crown, Esquire
Pa. I.D. #205765
David L. Scherer, Esquire
Pa. I.D. #325160
525 William Penn Place
Suite 3110
Pittsburgh, PA  15219
Telephone:   (412) 281-0587
Facsimile:    (412) 281-2971

*(Counsel for Plaintiff)*