IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>Plaintiffs,<br><br>v.<br><br>PETTY GROUP LLC,<br><br>Defendant. | Civil Action No. 2:22-cv-01308-MJH |

## MOTION FOR DEFAULT JUDGMENT

Plaintiff, Laborer's Combined Funds of Western Pennsylvania (the "Funds" or "Plaintiff"), by and through its counsel, Goehring Rutter & Boehm, files the following Motion for Default Judgment, and states as follows:

1. On July 12, 2022 this action was commenced by the Funds by the filing of a Complaint against Defendant Petty Group LLC ("Petty Group" or "Defendant"). *See*, Docket at No. 1.

2. On July 25, 2022, the Complaint and Summons were served upon the Defendant. *Id.* at No. 4.

3. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Petty Group was required to file and serve its response to Plaintiff's Complaint no later than August 16, 2022.

4. On August 19, 2022, a default was entered against Petty Group by the Clerk of Courts, pursuant to a Request for Default filed by the Plaintiff. *See*, Docket at Nos. 5 and 6.

## COUNT I

### Laborers' Combined Funds of Western Pennsylvania v. Petty Group LLC

5. Plaintiff now requests the entry of a default judgment against Defendant Petty Group.

6. Petty Group agreed to enter into and abide by the terms of an Independent Heavy Engineering, Railroad Contracting, Highway Construction and Utilities Construction Labor Agreements (the **"Heavy-Highway Agreement"**), with the Laborers' Union, as well as an Independent Building Agreement (the **"Building Agreement"**) (collectively, the **"Agreements"**), and pursuant to which Defendant was obligated to submit certain monthly payments to the Funds for pension, welfare, industry, and monthly health insurance premiums for the benefit of employees covered under such Agreements. *See*, Agreements generally, attached hereto as Exhibits "A" and "B".

8. The aforementioned Agreements, as well as § 502 and § 515 of the Employee Retirement Income Security Act of 1974, as amended (**"ERISA"**), 29 U.S.C. § 1132 and § 1145, and Sections 404(b) and 406 of ERISA, 29 U.S.C. § 1104(b), § 1106 and § 1109, require Petty Group to pay interest and late charges/liquidated damages if it fails to timely file such reports and/or make such payments. *See*, Exhibit "A" at pp. 60-62 and Exhibit "B" at p. 30.

9. In violation of such Agreements, Petty Group has failed to file regular monthly reports with the Funds.

10. The aforementioned Agreements and ERISA provisions also require Petty Group to comply with any audit requests made by the Funds. *See*, Exhibit "A" at pp. 52, 62 and Exhibit "B" at p. 30.

11. Specifically, Article XVII of the Heavy-Highway Agreement provides that, "[a]udits of the contractor's payroll records, including copies of Federal and State Payroll Tax Returns, may be made by the Administrator of the Health, Welfare and Pension Funds or the employee of that office upon instruction and authority granted by the Trustees of the Funds." *See*, Exhibit "A" at p. 52.

12. Moreover, Article XVII of the Heavy-Highway Agreement also holds that "[i]n the event a suit to compel an audit is required, the contractor agrees to pay all court costs and attorney fees." *Id.*

13. Furthermore, Article XXVII, Section 4 of the Heavy-Highway Agreement states that "authorized representatives of the Union shall have the right to examine and audit the Employer's records to determine that all proper deductions are being made from all employees coming under the jurisdiction of this agreement, and that all proper contributions, payments and remittances are being made by the Employer." *Id.* at p. 62.

14. In addition, Article XVIII of the Building Agreement provides that "the authorized representative of the Union shall have the right to examine the Employer's records to see that all proper contributions and deductions are being made from all employees coming under the jurisdiction of this agreement." *See*, Exhibit "B" at p. 30.

15. In violation of such Agreements, Petty Group has failed to cooperate with the Funds to schedule an audit, and/or submit the documentation required in order for the Funds to conduct the aforementioned payroll audit.

15. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Petty Group is ordered to specifically perform under the federal statutes, as well as the Agreements, and is restrained from continuing to refuse to perform as thereunder required.

16. Plaintiff is obligated and authorized by the Agreements, ERISA, and the common law of trusts to request and obtain injunctive and equitable relief to enforce the terms of the Agreement.

17. Plaintiff's right to the aforementioned relief is clear and free from doubt.

18. Monetary damages alone are insufficient to remedy the harm caused by Petty Group because they will be impossible to determine without Plaintiff being able to accomplish an audit of Defendant.

19. Plaintiff is entitled to an accounting because Petty Group has plainly refused to comply with the terms of the Agreements.

20. To the best of Plaintiff's knowledge, Petty Group is not in the military service of the United States of America. *See* Attached Affidavit.

WHEREFORE, Plaintiff respectfully requests that the Court:

a. issue a preliminary and/or permanent injunction enjoining Defendant from violating the terms of such Agreements and directing Defendant to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements, and enjoining Defendant from disposing of assets, and;

b. issue a preliminary and/or permanent injunction for Defendant to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendant's business operations through the present, and;

c. issue a preliminary and/or permanent injunction for Defendant to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant's covered employees through the present, in order to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff Funds, and;

d. issue an Order requiring Defendant to comply with the findings of the resulting audit, including payment of any delinquent contributions that are determined by the audit to have been retained by the Defendant, in the sum of whatever delinquent principle amount Plaintiff's audit determines is owed once it has concluded, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest at the rate of one and one quarter percent (1.25%) per month; plus late charges/liquidated damages of ten percent (10%); plus attorneys' fees of twenty percent (20%) of total amount due; plus costs of suit, and;

e. issue a Warrant of Attorney, providing Plaintiff Funds, in coordination with Plaintiff's Counsel and one of Plaintiff's auditors, with the authority to enter Defendant's place of business and the power to compel Defendant to provide any and all audit information and documentation which Plaintiff is entitled to in order to complete its audit of Defendant under the terms of the Agreements, and;

f. for the Court to retain jurisdiction of the case pending compliance with its orders, and;

g. for the Court to award Plaintiff's attorneys' fees and costs, as authorized by the Agreements and ERISA, and;

h.      for the Court to enter judgment for Petitioners in an amount to be determined after the completion of the audit, and;

i.      any and all such further relief which this Court may deem necessary.

                                         GOEHRING RUTTER & BOEHM

                               By: /s/ David L. Scherer
                                   Jessica L. Crown, Esquire
                                   David L. Scherer, Esquire
                                   525 William Penn Place
                                   Suite 3110
                                   Pittsburgh, PA 15219
                                   Telephone:(412) 281-0587
                                   Facsimile:(412) 281-2971
                                   (Counsel for Plaintiff)