### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>        Plaintiffs,<br><br>v.<br><br>PETTY GROUP LLC,<br><br>        Defendant. | Civil Action No. 2:22-cv-01308-MJH |

### ORDER OF COURT

AND NOW, to wit, this <u>15th</u> day of <u>November</u>, 2022, upon consideration of Plaintiff's Motion for Default Judgment and Affidavit attached thereto, it is hereby ORDERED, ADJUDGED, and DECREED that said Motion be, and hereby is GRANTED. Accordingly, the Court now issues an injunction against Defendant PETTY GROUP LLC ("Petty Group" or "Defendant"), which is hereby:

    a.    permanently enjoined from violating the terms of the Heavy Engineering, Railroad Contracting, Highway Construction and Utilities Construction Labor Agreements, with the Laborers' Union (the **"Heavy-Highway Agreement"**), as well as the Independent Building Agreement (the **"Building Agreement"**) (collectively, the **"Agreements"**), and signed with the Laborers' Combined Funds of Western Pennsylvania ("Funds" or "Plaintiff"). Petty Group is further hereby directed to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements and permanently enjoined from disposing of any of its assets until it has done so, and;

b. Petty Group is hereby required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of its business operations through the present, and;

c. Petty Group is hereby ORDERED to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by its covered employees through the present, in order to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff Funds, and;

d. Petty Group is hereby required to comply with the findings of the resulting audit, including payment of any delinquent contributions that are determined by the audit to have been retained by the Defendant, in the sum of whatever delinquent principle amount Plaintiff's audit determines is owed once it has concluded, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest at the rate of one and one quarter percent (1.25%) per month; plus late charges/liquidated damages of ten percent (10%); plus attorneys' fees of twenty percent (20%) of total amount due; plus costs of suit, and;

e. A Warrant of Attorney is hereby issued, providing Plaintiff Funds, in coordination with Plaintiff's Counsel and one of Plaintiff's auditors, with the authority to enter Petty Group's place of operations, as well as the power to compel Petty Group to provide any and all audit information and documentation which Plaintiff is entitled to in order to complete its audit of Petty Group under the terms of the Agreements.

The Court will retain jurisdiction of the case until Petty Group has complied with the provisions of the instant injunctive Order for relief. This Court will subsequently enter judgment for the Plaintiff Funds in an amount to be determined following Plaintiff Funds' completion of the aforementioned required audit of Petty Group.

_____
Hon. Marilyn J. Horan
United States District Judge